Opinion of the Court, by
Judge Mills.
Richard Stevens brought an ejectment against Laz-Tilly, who held a tract ofland under an adverse claim. Pending the suit, which Tilly defended, he sold *an<^ to one Adam Rible, who sold it to Ziba Arnold, the defendant in error. The ejectment was then decided in favor of Stevens, aiid commissioners were ap-poiofofi under the occupying claimant laws, who reported the improvements in value, beyond three fourths of the value of the land, and Stevens elected to convey an¿ |,a]ie the price of the land. This was all done in the name of Tilly, as the parly to the suit, although Arnold was then the beneficial owner. It was agreed between Tilly and Arnold, that Arnold should in fact pay up the price of the land, as assessed by the commissioners, when.it became due; hut Tilly should give the bond and surety, and in the mean time should receive the conveyance from Stevens Under the law, and hold the title as a security against Arnold, that the money should be paid. Tilly accordingly executed bond conditioned to pay the value of the land, with Zachariab Terril as surety. When the first instalment became due, Arnold paid it according to agreement. Sometime after the second instalment, became due, Arnold filed lilis bill, alleging that when the second instalment became due, he wanted and had not the money to pay it, and applied to Terril, who was already surety in the bond to Stevens, to lend him the money, which Terril refused, unless he would pay at the rale of thirty per centum per annum, which he agreed to pay, and that to secure the payment of the loan to Terril, it was agreed that Tilly should convey the title of the land to Terril on the order of Arnold, and that Arnold *301 should repay the loan to Terril in a stipulated period, with usury, and then Terril should convey the land to Arnold, ail which was done; and after the title was conveyed, Terril and Arnold entered ’into an article of agreement, settling the terms of the loan at thirty per centum per annum, which was deposited in the possession of a third person for safe-keeping. That when the day came round to restore the loan, he paid it in paper money to one Cosson by the directions of Terril for him; but when Terril came home, he would not receive the money from Arnold because it was paper money; that he then got silver and tendered it to Terril, to. the full amount of debt and usury; but Terril refused to receive it, and when both parties appealed to, and went to read the article of agreement m the hands of the confidential keeper thereof, Terril seized the article and carried it off without leave, and now declared that he had bought the land and had loaned no money, and that he would keep it and turn him out of possession. He prays relief against the usury and a conveyance of the land.
Terril answered the bill, and instead of meeting the charges by a direct or qualified admission or denial, as is too frequently the case, especially in cases of usury, which severely try the conscience, he tells his own story, by alleging that he purchased the land, and did not loan the money, and afterwards agreed to sell it again to Arnold, on his paying something more for it; that he would not receive the paper money, and that Arnold did not pay him the silver or tender it till the time was out, in which he had given his word to sell it back to him, and, therefore, he meant to keep the land. He said nothing in reply to the existence of the article, or that he had taken it improperly, nor did he admit or deny the tender positively.
The court below decreed Terril should receive the principal only in specie, and that upon Arnold’s paying or tendering to Terril the sum, that Terril should convey and release to Arnold all the title to the land with special warranty, and that if Terril should fail to convey the land upon the tender of the money aforesaid, then a commissioner should convey the land; and further de-, creed that Terril should pay the costs.
To reverse this decree, Terril prosecutes this^writ of error.
Ante 187.
it will be easily seen from this statement of the caus<?s that on the merits, it turns exclusively upon an inquiry into' the fact, whether there was a loan of money on the part of Terril, with the land in pledge, or a purchase thereof. For although there were writings evidencing an absolute sale, yet the act to prevent usury, lets in proof to shew that this sale was a bare device to evade the statute against usury, and in such case the sale could not stand. Upon the fact, however, we have no doubt that the court below decided correctly, and that the defendant in error is entitled to relief against the transaction. Independent of all proof, the answer of Terril cannot be read without exciting a strong suspicion that the bill is true on this point, notwithstanding his evasive and cautious denials. But when his silence on the existence, and suppression of the article of agreement, are taken into consideration, facts which must be within his knowledge, and which for his silence ought to be taken most strongly against him, but little hesitation would arise in decreeing against him, without any thing hut the bill and answer. We need not, however, resort to this alone; for the proof is clear, that the transactions was in substance, an usurious lending; that in paper money, the sum was deposited with Cosson according to Terril’s directions, which he refused to receive; and that afterwards the silver was tendered, but he departed before it could be counted; that there was such article, which he had gotten hold of arid suppressed, and that it did provide for the conveyance of the land on the restoration of the money with thirty ppr cent.
But notwithstanding we view the decision of the court below, intrinsically correct on the main point, yet we have to regret that the decree for other reasons cannot be permitted to stand. It is subject to the same objections sustained at the present term, against a decree in the case of Arnold and Farmer vs. Samuel's heirs. It has decreed to Arnold the land upon the condition of his paying or tendering the money, and has dismissed the parties out of court, without leaving them any means of having it judicially decided, whether the money is properly paid or tendered, or when it is to be done, without resorting, to a new controversy, or at best leaving it to the conveying commissioner to determine these matters. Some years hence or never, the defendant in error may be ready to pay, and until then the plaintiff must wait in a state of suspense.
*303 The court, on decreeing conditionally, as it has done, ought to have pointed out a reasonable day and time when the money should be paid or tendered, and directed in case of tender, the money should be brought into court, and then in case of failure to have decreed a sale of the land, for the purpose of raising the money, or so much thereof as was necessary to discharge the sum due to Terr.il.
The decree must, therefore, he reversed, and- the cause be remanded for a decree, and proceedings there to be had in conformity with this opinion.